# CHARLESTON.

OSBORNE-HAAN MOTOR COMPANY v. MALONE-SINGLETON
MOTOR COMPANY.

(No. 5522)

Submitted February 16, 1926.   Decided March 2, 1926.

1.  LANDLORD AND TENANT—*Lessee Suing Assignee of Lease for
    Rent Must Ordinarily Allege That He Has Paid Original
    Lessor; if Agreement Between Lessee and Transferee
    Creates Relation of Landlord and Tenant, and Provides
    Transferee Shall Pay Rent to Lessee, Declaration by
    Lessee Suing Thereon Need Not Allege Payment of Rent
    by Lessee to Original Lessor.*

    Where a lessee brings an action against one to whom he
    has assigned the lease, for the rent of the premises, he must
    ordinarily allege that he has paid the original lessor; but if
    the action is brought upon an agreement which constitutes
    an assignment, as between the transferee of the lessee and
    the original lessor, but which, as between the lessee and his
    transferee and their assignees, creates the relation of land-
    lord and tenant (except perhaps as to strict reversionary
    rights), and the agreement expressly provides that the trans-
    feree shall pay the rent to the lessee (the party suing), the
    declaration need not allege the payment of the rent to the
    original lessor.   In such case the liability is created by the
    express contract.   (p. 100.)

    (Landlord and Tenant, 36 C. J. § 1335 [Anno].)

2.  SAME—*On Evidence Showing That Transferee of Lease De-
    livered Possession to Defendant, Who Assumed Lease, and
    Paid Part of Rent, Judgment for Plaintiff for Rent in Ar-
    rears is Not Contrary to Law and Evidence.*

    In such suit, where it appears by documentary evidence
    that plaintiff transferred his lease for the remainder of the
    term to a transferee, with express agreement that the
    monthly rent should be paid by the latter to the former, and
    that subsequently the transferee delivered possession of the
    premises to defendant under a written agreement whereby
    defendant assumed the lease then held by the transferee, and
    that defendant actually paid a portion of the rent due to
    plaintiff, recognizing him as landlord, and that afterwards
    advertised that he, defendant, would rent the premises to

others; a judgment for plaintiff against defendant for rent in arrears will not be set aside as contrary to the law and evidence.   (p. 102.)

(Landlord and Tenant, 36 C. J. § 1352.)

(Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Cabell County.

Assumpsit by the Osborne-Haan Motor Company against the Malone-Singleton Motor Company for rent.   Judgment for the plaintiff, and defendant brings error.

*Affirmed.*

*Fitzpatrick, Brown & Davis,* for plaintiff in error.
*George S. Wallace,* for defendant in error. ·

Lively, Judge:

This is an action of assumpsit by the plaintiff, Osborne-Haan Motor Company, against defendant, the Malone-Singleton Motor Company, for the recovery of rent.   A trial before the judge of the lower court in lieu of a jury, resulted in a judgment in plaintiff's favor for $780.00.   This writ followed.

It appears from the record that by writing dated July 22, 1921, the Fourth Avenue Construction Company (also referred to herein as ''Hyman Brothers'') leased to one Sisler, for a term of five years beginning Aug. 1, 1921, at a rental of $150.00 per month, payable in advance, a store room designated as No. 722 Fourth Avenue, Huntington.   This lease was assigned by Sisler, the original lessee, to the Osborne Motor Company (which name was later changed to the Osborne-Haan Motor Company), the plaintiff herein.   By the following instrument in writing the plaintiff motor company transferred the premises to one C. B. Curlee:

· ''November 30th, 1923.
In consideration of the Osborne Motor Company subletting to me the premises known as No. 722 4th Avenue, in the City of Huntington, for the unexpired term of its lease with Hyman Brothers, I agree to accept and assume all of the terms of said

lease and will pay to the said Osborne Company
the sum of One Hundred and Fifty (\$150.00)
Dollars per month, in advance, as rent on said
premises the first payment to be made on this
date.

C. B. Curlee."

The defendant motor company had a lease on a store room
at No. 742 Fourth Avenue, and on May 15, 1924, entered
into the following agreement with Curlee:

"May 15, 1925.

This Agreement, made and entered into this fif-
teenth day of May, 1924, by and between The Ma-
lone-Singleton Motor Company, a corporation, and
C. B. Curlee, an individual, whereby The Malone-
Singleton Motor company agrees to assign and
transfer·their lease on building at No. 742 Fourth
Avenue in the City of Huntington, Cabell County,
West Virginia, and C. B. Curlee agrees to accept
and assume said lease with all covenants, accord-
ing to Lease June 28, 1923, by and between Sam
Davis and Bonham Motor· Sales Company now
known as Malone-Singleton Motor Company.

It is further agreed that Malone-Singleton Mo-
tor company will assume the lease now held by C.
B. Curlee on building at No. 722 Fourth Avenue,
in the City of Huntington, Cabell County, West
Virginia.

Malone-Singleton Motor Company<br>
J. W. Singleton, Sec'y & Treas.    (Seal)<br>
C. B. Curlee,    (Seal)"

In carrying out the agreement for exchange of premises,
the defendant took possession of the store room formerly oc-
cupied by Curlee, and paid to plaintiff the rent for the month
of June, 1924. But at the expiration of the month defendant
vacated the premises and refused to pay any further rent.
Curlee later became bankrupt. It was to recover the rent
due for the five months following defendant's vacation of
the premises, that this action was brought.

According to the plaintiff's evidence, when payment of the
first month's rent was made to plaintiff, the representative

tendering payment stated that defendant would make another payment on the first of the next month. This the defendant denies.

Another fact brought out in the evidence was the posting of a sign by defendant advertising the property at 722 Fourth Avenue for rent. Defendant contends that this sign was placed in the show window before the premises were vacated and that it had been taken down when leaving the building at the end of June, 1924. The plaintiff's evidence was to the effect that the sign was left posted by defendant when it vacated the premises.

The main points of error relied upon for reversal are: (1) that the court erred in overruling defendant's demurrer to the declaration and to each count thereof; and (2) the finding of the court was contrary to the law and the evidence.

The defendant contends that its demurrer to the declaration should have been sustained, because: (a) there is no allegation in either count that plaintiff had paid the original lessor the rent sought to be recovered; and (b) that the agreement of May 15, 1924, upon its face, is insufficient to create the relation of landlord and tenant by privity of contract or privity of estate.

The declaration consists of two counts, in the first of which is alleged the ownership of the original lease by plaintiffs and the subsequent transfers and assignments, culminating in the agreement of May 15, 1924. The occupation of the premises and the payment of the first month's rent by defendant is also averred, and the right to recover is based in part upon the assignment from Curlee to defendant. In the second count recovery is sought for use and occupation of the premises.

Is the plaintiff's declaration bad on demurrer by reason of the failure to include an allegation that plaintiff had paid the original lessor the rent sought to be recovered? The defendant contends that such an allegation is essential, on the theory that the lessee and subsequent assignees stand in relation to the lessor as sureties only. It may be true that where a lessee suing his assignee for the recovery of rent is relying solely on his position as surety for the assignee's

payment thereof, that the lessee should allege in his declaration that he has paid the rent to the original lessor. But a different situation is presented when the lessee is basing his right of recovery, not on the ground that he is a surety for the assignee, but upon the assignee's express contractual obligation to pay the rent to the lessee, as contained in the contract of assignment. In such a case the lessee's declaration need not contain such an allegation as is contended for by defendant.

The second ground of demurrer to the declaration is that the agreement of May 15, 1924, upon its face, is insufficient to create the relation of landlord and tenant between the plaintiff and defendant. In determining this question it will, of course, be necessary to consider all the facts well pleaded in the declaration, as hereinbefore set out.

The plaintiff in its declaration alleges that it was the owner of the original lease, whether as the original lessee or as assignee, does not appear. But for the purpose of deciding the second ground of demurrer to the declaration (and the same argument is advanced in support of this ground as is relied upon to establish the contention that the verdict is contrary to the law and evidence), we do not believe the distinction is material. We will assume that the plaintiff was the original lessee. The transfer by plaintiff to Curlee, while called a sub-lease, was an assignment, as between the original lessor and Curlee, because it was a transfer of the entire term of the lease. Underhill on Landlord & Tenant, Vol. 2, Sec. 626, page 1047; Vol 1 McAcadam on Landlord & Tenant (4th ed.) Sec. 233, page 844; Thompson on Real Property, Sections 1372-1373. But, as will be pointed out later, the same transfer may be given a different effect as between the immediate parties and their assignees. And the agreement of May 15, 1924, when considered in the light of the facts well pleaded in the declaration—including the occupation of the premises by defendant and the payment of the first month's rent to plaintiff—was clearly an assignment by Curlee to defendant of his sub-lease. The defendant, as such assignee stands in the place of Curlee and receives the benefits and assumes the burdens of his contract with plaintiff, which

contract included within its terms the payment of the stipulated rent to the plaintiff.

As above stated, the plaintiff's transfer of the term to Curlee was an assignment as between Curlee and the original lessor, and this being true, the privity of estate which attached to the lease of plaintiff passed to Curlee. But there is substantial authority to the effect that the same instrument may in law create an assignment of the term, as between the original lessor and the assignee, and also the relation of landlord and tenant (except perhaps as to strict reversionary rights) between the parties to the second transfer, but this is the result of the contract only. 16 R. C. L. Sec. 320, page 825, and cases there cited. Therefore, as defendant by the assignment of May 15, 1924, stands in Curlee's position, it is liable on the contract between him and plaintiff, in which he agreed to pay the latter a monthly rental of $150.00. The defendant recognized this liability when it paid the first month's rent. The demurrer to the declaration was properly overruled.

The evidence clearly establishes the fact that the agreement of May 15, 1924, was intended by the parties to operate as an assignment by Curlee of his term to defendant; for in addition to establishing the facts well pleaded in the declaration, evidence was offered as to the defendant's posting of the sign advertising the premises for rent, and the promise of the defendant's representative to pay the rent for the second month, these latter facts being affirmed by witnesses for the plaintiff and denied by witnesses for the defendant. The finding of the court is not contrary to the law and evidence.

The judgment will be affirmed.

*Affirmed.*